[L. A. No. 4226. Department One.—April 17, 1918.]

ROBERT R. SOPER, Appellant, v. FRANCISCO H. DOMINGUEZ, Respondent.

APPEAL—ORDER GRANTING NEW TRIAL—RECORD—STIPULATIONS—INSUF-FICIENT IDENTIFICATION OF DOCUMENTS.—Where, on appeal from an order granting a new trial, the record contains no bill of exceptions nor any certificate of the trial judge showing what documents and evidence were presented and considered on the hearing and deter-mination of the motion, and stipulations as to the transcript do not identify sufficiently what documents, records, or evidence was actually presented to and used by the trial judge, the appellate court cannot determine whether or not the trial court erred in granting the motion, and the order must be affirmed.

APPEAL from an order of the Superior Court of Ventura County granting a new trial. Robert M. Clarke, Judge.

The facts are stated in the opinion of the court.

CLXXVIII Cal.—13

Clay G. Knox, for Appellant.

Orr & Gardner, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from an order granting defendant's motion for a new trial. The question involved in the action was that of a disputed boundary line between the lands of the parties thereto. The trial court gave judgment in plaintiff's favor, whereupon a motion for a new trial was made by the defendant upon the following grounds: 1. Irregularity in the proceedings of the adverse party by which the defendant was prevented from having a fair trial; 2. Accident or surprise which ordinary prudence could not have guarded against; 3. Newly discovered evidence material to the defendant's case which he could not with reasonable diligence have discovered and produced at the trial. The court granted said motion generally, and it is its alleged error in so doing of which the appellant complains. The record on appeal does not contain any bill of exceptions nor does it embrace any certificate of the trial judge showing what records, affidavits, or other evidence were presented before him or considered by him on the hearing and determination of the motion for a new trial. The transcript does contain two stipulations between counsel for the respective parties purporting to have been entered into upon the same day. One of these simply recites that the transcript on appeal includes certain documents specifically named in the stipulation and closes with the following statement, evidently inserted by the attorney for the respondent, "without waiver of any objection to any defect in the procedure for taking appeals except as to contents of transcript." The second stipulation referring to the transcript stipulates "that the foregoing is a full, true, and correct transcript of the records on appeal from the order of said superior court granting defendant's motion for a new trial according to and in pursuance of the stipulation of said counsel dated March 31, 1915, as in this transcript above set forth, and that the said transcript is in full compliance with said stipulation." Neither of these two stipulations sufficiently identifies what documents, records, or evidence was actually presented to and used by the trial judge upon the hearing and determination of the motion for a new trial. The later stipulation amounts to nothing more than a

stipulation that the documents and records set forth in detail in the former stipulation have been fully, truly, and correctly transcribed, and does not pretend to be a sufficient substitute for the necessary certificate of the trial judge required to be inserted in a bill of exceptions upon appeal from an order granting or denying a new trial. That such a showing is necessary to be made either by the certificate of the trial judge or by the stipulation of the parties has been uniformly held by this court. In the absence of such showing in this record we are unable to determine whether or not the trial court was in error in granting the motion for a new trial upon whatever evidence was before it, and for that reason the order is affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.